**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **JUAN MANUEL REYES**,<br><br>Petitioner,<br><br>v.<br><br>**DAVID PEDRO**,<br><br>Respondent. | Case No. 2:26-cv-00204-IM<br><br>**OPINION AND ORDER** |

**IMMERGUT, District Judge.**

Petitioner Juan Manuel Reyes ("Petitioner"), an individual in custody at Eastern Oregon Correctional Institution, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254 ("Section 2254"). Because Petitioner's habeas petition is barred by the applicable one-year statute of limitations, and because there is no apparent basis for equitable tolling such that the petition may be rendered timely, the Court denies the Petition for Writ of Habeas Corpus (ECF No. 2) and denies a certificate of appealability.

## BACKGROUND

In 2015, a Washington County grand jury returned an indictment charging Petitioner with two counts of Sodomy in the First Degree; two counts of Rape in the First Degree; six counts of Sexual Abuse in the First Degree; four counts of Sexual Abuse in the Second Degree; and five counts of Sexual Abuse in the Third Degree. (Resp't Exs., Ex. 102 at 1, ECF No. 15.) Petitioner ultimately pleaded guilty on all counts, and the trial court sentenced Petitioner to 436 months in prison. (Resp't Exs. 101-103, 137.) The trial court entered the judgment of conviction on August 15, 2016, and entered a supplemental judgment awarding restitution on December 12, 2016. (Resp't Exs. 101 at 10-17; 106 at 6.)

Petitioner filed a direct appeal, assigning as error the trial court's decision awarding restitution. (*Id.* at 7.) In a written decision issued on September 11, 2019, the Oregon Court of Appeals reversed the supplemental judgment awarding restitution but otherwise affirmed Petitioner's convictions. (Resp't Ex. 112.) The trial court entered an amended judgment of conviction vacating the supplemental judgment on December 18, 2019. (Resp't Ex. 101 at 5-9.)

Petitioner then filed a petition for postconviction relief ("PCR") on September 29, 2020. (Resp't Ex. 121.) In his counseled amended PCR petition, Petitioner asserted that his trial attorney had been constitutionally ineffective when he failed to ensure that Petitioner's guilty plea was knowing, intelligent, and voluntary. (Resp't Ex. 122 at 4.) After a trial, the PCR court denied relief. (Resp't Exs. 136, 137.)

Petitioner appealed the PCR court's judgment, but the Oregon Court of appeals affirmed without opinion. (Resp't Exs. 141, 143.) On July 17, 2025, the Oregon Supreme Court denied review. (Resp't Ex. 144).

On January 6, 2026,[1] Petitioner filed a federal habeas corpus petition in this Court. Respondent argues that this Court should deny habeas relief because the petition is untimely. (Resp. to Pet. at 4-5, ECF No. 13.) Petitioner did not file a supporting brief or otherwise respond to Respondent's argument.[2] Petitioner therefore has failed to sustain his burden of demonstrating that he is entitled to habeas relief. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (recognizing that a habeas petitioner carries the burden of proving his case). Nevertheless, this Court has thoroughly reviewed the existing record and agrees that the petition is time-barred in this case.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations that applies to a petition for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Unless tolled or subject to delayed accrual, the limitations period commences when the judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). The period of direct review includes the ninety-day period within which a petitioner can petition for writ of certiorari with the United States Supreme Court, whether or not he files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

---

[1] January 26, 2026 is the date Petitioner signed the petition and presumably handed it to prison officials for mailing. *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (explaining that under the mailbox rule, a *pro se* habeas petition is "deemed filed when [an individual in custody] hand[s] it over to prison authorities for mailing to the relevant court").

[2] This Court previously ordered Petitioner to show cause in writing why he did not file a supporting brief. (ECF No. 16.) Petitioner did not respond to the show-cause order, and he has not contacted the Court since filing the petition in January 2026.

The limitations period is statutorily tolled during the pendency of a "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). A properly filed application remains "pending as long as a state avenue for relief remains open, whether or not a petitioner takes advantage of it." *Melville v. Shinn*, 68 F.4th 1154, 1156 (9th Cir. 2023). The limitations period is not tolled, however, "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed." *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (quoting *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006)).

In this case, the amended judgment of conviction became final on January 17, 2020, when the time for filing a direct appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A) (instructing that the limitations period commences when the judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review"); OR. REV. STAT. § 138.071(1) ("[A] notice of appeal must be served and filed not later than [thirty] days after the judgment . . . was entered in the register"); *see also Marquez v. McDaniel*, 729 F. App'x 583, 584 (9th Cir. 2018) (explaining that, "for purposes of determining the start of the one year statute of limitations for filing a habeas petition under 28 U.S.C. § 2244(d)(1), the relevant judgment is the one under which a prisoner is being held. . . . Where an amended or corrected judgment is entered, a prisoner is held under that amended or corrected judgment" (citing *Smith v. Williams*, 871 F.3d 684, 688 (9th Cir. 2017))); *Heath v. Allison*, No. 17cv2226-BAS(RBB), 2018 WL 4282630, at *6-7 (S.D. Cal. Sept. 6, 2018) (agreeing with "[n]umerous" courts that the one-year limitations period "started to run after the expiration of the time to file a direct appeal from petitioner's amended judgment of conviction") (citations omitted). Petitioner then filed his PCR

petition on September 29, 2020,[3] tolling the AEDPA's statute of limitations. The PCR court denied relief, and Petitioner appealed. The Oregon Court of Appeals affirmed without opinion, and, on July 17, 2025, the Oregon Supreme Court denied review. Petitioner thereafter had fourteen days to seek reconsideration, although he declined to do so. *See* OR. R. APP. P. 9.25(1) (instructing that "[a] party seeking reconsideration of a decision of the Supreme Court shall file a petition for reconsideration within 14 days after the date of the order or opinion being challenged"). Petitioner's PCR petition therefore remained pending until July 31, 2025, when the time for seeking reconsideration expired and "the application ha[d] achieved final resolution through the State's post-conviction procedures." *Melville*, 68 F.4th at 1160 (simplified). Petitioner then signed his federal habeas petition on January 26, 2026.

Between January 17, 2020—when the amended judgment became final—and September 28, 2020—when Petitioner filed his PCR petition—255 days accrued. Between July 31, 2025—when Petitioner's PCR petition "ceased to be pending"—and January 26, 2026—when Petitioner signed his federal habeas petition and delivered it to prison officials for mailing—179 days accrued. In total, Petitioner waited 434 days before filing for federal habeas relief, which exceeds the 365 days permitted under the AEDPA. Because Petitioner took more than 365 days to file his habeas petition, it is untimely and must be dismissed.

///

///

---

[3] Because state law dictates when a PCR petition is properly filed, *Orpiada v. McDaniel*, 750 F.3d 1086, 1089 (9th Cir.), *cert. denied*, 574 U.S. 99 (2014), and Oregon has rejected the mailbox rule in the context of commencing a PCR proceeding, *Baldeagle v. Lampert*, 185 Or. App. 326, 330-32 (2002), the statute of limitations was not tolled in this case until Petitioner's PCR petition was filed in state court.

## CONCLUSION

For the reasons stated, the Court DISMISSES the Petition for Writ of Habeas Corpus (ECF No. 2), with prejudice. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court DENIES a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 1st day of November, 2026.

/s/ Karin J. Immergut

Karin J. Immergut
United States District Judge